LOTTINGER, Judge.
This is an expropriation suit filed by the Louisiana Department of Highways under the provisions of Article VI, Section 19.1 of the Constitution of the State of Louisiana for the year 1921, as amended, LSA-Const., and Section 441 to 460 inclusive of Title 48 of the Revised Statutes of 1950, LSA-R.S. The proceeding is against J. T. Mitchell, defendant who owned the property expropriated which was situated at the intersection of the old Hammond-Baton Rouge Highway and with Tobin Road just outside the City of Hammond, Louisiana. In connection with this proceeding, appraisals of the properties expropriated were made by the petitioner and the sum of $10,-357 was deposited in the Registry of the Court upon the taking. The defendant, first filed a motion to dismiss, and then filed answer wherein he opposes the amount of damages as set by the petitioner, and claims damages in the amount of $44,323.62. By supplemental petition the amount of damages claimed by defendant was increased to the sum of $49,323.62. The Lower Court rendered judgment in the total amount of $23,584 with legal interest thereon from date of judicial demand until paid on the excess of the amount deposited. The petitioner filed this appeal, and defendant answered the appeal now claiming damages in the amount of $57,169.62. The record indicates that defendant is the owner of a large tract of land situated at the southwest corner of the intersection of the old Hammond-Baton Rouge Highway with Tobin Road, 'just outside the City of Hammond, Louisiana. Tobin Road runs in a northerly and southerly direction, and the old Hammond-Baton Rouge Highway runs in a generally northeasterly and southwesterly direction. Upon the tract of land owned by defendant are situated a drive-in theatre, the entrance to which is situated on the old Hammond-Baton Rouge Highway, his home which is situated at the said intersection, and which was taken by the expropriation, a warehouse fronting on Tobin Road and which was taken, as well as three tenant houses all of which were taken. The property expropriated by the petitioner fronts 981.67 feet on Tobin Road, and has a depth ranging from 80.85 feet to approximately 48 feet. The purpose of the taking was to widen and pave Tobin Road which, prior to the taking was a gravel road. The Hammond-Baton Rouge Highway was paved sometime prior to this expropriation proceeding.
By virtue of this proceeding, therefore, the defendant will lose 1.354 acres from his original tract which contained approximately 8j4 acres. He has also lost his home, warehouse, three tenant houses, and a portion of his drive-in theatre. The Lower Court, in awarding its judgment, itemized the damages awarded as follows:
$4,739.00 for land taken
$9,656.00 for resident of the owner
$2,000.00 for warehouse
$5,859.00 for damages to out-door theatre
$1,330.00 for the three tenant houses
making a total award of $23,584. The petitioner appealed asking a diminution in award, and defendant answered seeking an increase.
Four expert appraisers testified on trial of the matter, two on behalf of petitioner and two on behalf of the defendant. There *516 was, as may be expected, a wide variance in the valuations placed by these witnesses. The Lower Court, in its reasons for judgment, went into great detail in reaching its award, and we are impressed by the sound reasoning set forth therein. Of course, it is very difficult to adjudicate damages in a proceeding of this nature, as whatever figure is decided upon is rarely acceptable to either party. The Lower Court, however, in its sound judgment, considered recent sales of similar properties in the vicinity of the land in question and also attempted to reach an average figure based upon the testimony of the experts.
The residence of petitioner contained 1,-341 square feet of floor space. It was of frame construction with a galvanized iron roof, and contained six rooms with bath. Although we feel sure that the home of defendant was a comfortable one, a photograph placed into evidence shows that it was not a pretentious dwelling. The Lower Court allowed the sum of $9,656 for the residence, which was based upon a replacement valuation of $8 per square foot less a ten per cent depreciation. As to the warehouse, which contained 1,175 square feet of floor space, the Lower Court set a replacement value of $3,000, less % depreciation for an award of $2,000. The three tenant houses, according to photographs in evidence, were in a very poor condition of repair. The valuations as placed on them by the Lower Court were $355, $610 and $365.
By virtue of the expropriation, the rear corner of the out-door theatre was taken. By virtue thereof, the defendant was required to replace thirty speaker posts, as well as a portion of his board fence. As damages for loss of the fence and speakers, the Lower Court awarded damages of $5,-859 based on the valuation of expert testimony. As to the market value of the property taken, the Lower Court reached the figure of $4,739.
As stated before, we feel that the award reached by the Lower Court was based upon sound reasoning. We fail to find any error therein, and feel that its judgment should be affirmed.
For the reasons hereinabove assigned the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.